UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 7:08-CV-28-KKC

KENNETH RAY BATES                                                          PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

ALICE MARIE STAPLETON, ET AL.                                   DEFENDANTS


Kenneth Ray Bates, the *pro se* plaintiff, is currently incarcerated in the United States

Penitentiary- McCreary ("USP-McCreary"), located in Pine Knot, Kentucky.  Bates has filed a

*pro se* civil rights complaint [Record No. 2].  He asserts claims under 28 U.S.C. § 1331, pursuant

to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

The Court has addressed his motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See*

*Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in

a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Malone v.*

*Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, under 28 U.S.C. § 1915(e)(2), the district

court can dismiss a case at any time if it determines the action:  (i) is frivolous or malicious, or

(ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff has named four defendants: (1) Alice Marie Stapleton, whom plaintiff identifies as a former employee of of another federal prison located in Inez, Kentucky, the United States Penitentiary-Big Sandy, ("USP-Big Sandy"); (2) J. Links, identified as an employee of USP-Big Sandy; (3) Suzanne Hastings, the former warden of USP-Big Sandy; and (4) "B." Gourdouze, whom the plaintiff identifies as an employee of USP-Big Sandy. The plaintiff asserts claims against the defendants in both their individual and official capacities.

## CLAIMS

The plaintiff claims that the defendants violated his rights under the First, Fourth, Fifth, and Eighth Amendments of the United States Constitution. Namely, he alleges that he was maliciously prosecuted in a criminal case, then transferred from USP-Big Sandy to various jails and other federal prisons, including the United States Penitentiary Lee County ("USP-Lee") and his current place of confinement, USP-McCreary.[1]

## RELIEF REQUESTED

The plaintiff seeks $2,000,000.00 in compensatory damages; punitive damages; a declaratory judgment finding the defendants' actions to be unconstitutional; and trial by jury.

## ALLEGATIONS OF THE COMPLAINT
### 1. The Criminal Case

Plaintiff alleges that when he was previously confined in USP-Big Sandy, he became involved in a sexual relationship with Alice Marie Stapleton, a former USP-Big Sandy employee. On July 27, 2006, the plaintiff and Defendant Stapleton, along with five other

---

[1] USP-Lee is located in Jonesville, Virginia.

2

individuals, were indicted in this Court in connection with illegal drug smuggling activities at USP-Big Sandy. *See United States of America v. Alice Marie Stapleton et al*, Criminal Action No. 7:06-CR-00018 (Hon. Gregory F. Van Tatenhove, presiding) ("the criminal case").

Review of the docket sheet from the criminal case reveals that on February 1, 2007, the Court entered an Order dismissing the charges against the plaintiff [*Id*., Record No. 191]. That Order was entered on the  motion of the United States [*Id*.].  On February 23 2007, a jury found Alice Marie Stapleton guilty of eight charges alleged in the Indictment  [*Id*., Record No. 224]. On June 8, 2007, Stapleton received a 78-month term of imprisonment [*Id*., Record No. 265].

## 2. Specific Allegations

In the instant *Bivens* complaint, the plaintiff alleges that Defendant Stapleton fabricated allegations against him, and that Defendants Gourdoze, Links and Hastings "instituted criminal process against the plaintiff absent probable cause to support such." [Complaint, Record No. 2, p.7]. Plaintiff alleges that Gourdoze, Links and Hastings were motivated by racial animus.

Plaintiff Bates further alleges that these defendants' actions caused him to be unreasonably searched and seized under the Fourth Amendment of the United States Constitution, and to be charged with criminal activity.  To that end, he alleges that there was no probable cause for him to have been indicted in the criminal case. He alleges that these defendants' actions constituted subornation of perjury.

Plaintiff next alleges that as a result of him being named as a defendant in the criminal action, he was shuttled to various jails, then to USP-Lee, then later, to USP-McCreary.  He asserts several complaints on that account.  First, he complains that during this process, he was frequently placed in Administrative Detention.  Second, he alleges that he was unable to attend

to the appeal of another criminal proceeding in an Indiana state court, which he identifies as

being *Bates v. State of Indiana*, Appeal No. 02A03-0607-CR-00298. He claims that because the

transfers kept him away from his criminal appeal, he "lost" his state court criminal appeal [*Id*.].

Plaintiff alleges that the transfer, and resulting loss of his state court criminal appeal,

violated his right to due process of law guaranteed by the Fifth Amendment of the United States

Constitution. He further claims that this action violated his right of access to courts guaranteed

by the First Amendment of the United States Constitution.

Third, the plaintiff alleges that as a result of his being shuttled among jails and prisons

and being ultimately transferred to USP-McCreary, he experienced several hardships for which

he seeks monetary damages. He lists these hardships as being absence from the general

populations of the prisons; restricted access to his personal property; restricted visitation

privileges with family members (due to increased distance); restricted telephone privileges;

restricted access to prison programs, restricted access to sources of information; and restricted

access to law libraries.

DISCUSSION

The Court determines that none of the claims which the plaintiff asserts have merit. For

the reasons set forth below, the Court will dismiss these claims with prejudice.

1. Claims Against Stapleton, Gourdoze, Links and Hastings

Plaintiff alleges that Defendants Stapleton, Gourdoze, Links and Hastings have

collectively violated his rights by maliciously prosecuting him and causing him to be indicted

in the criminal case. Plaintiff's allegations - - that these defendants violated his Fourth and Fifth

Amendment rights - - miss the mark. The United States Attorney's Office for the Eastern

4

District of Kentucky prosecuted the plaintiff in the criminal case. These defendants did not

prosecute him or file the charges against him. They could not, because they lack prosecutorial

powers and authority.

It is established law that violations of state and federal statutes do not provide for private

causes of action; authority to initiate criminal complaints rests exclusively with state and federal

prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502 (W.D. Wis. 1986). Such complaints must

be initiated by a United States Attorney or a federal grand jury, *Kennedy v. Anderson*, 373 F.

Supp. 1345, 1346 (E.D. Okla. 1974).

Private parties have no right to file criminal complaints under 18 U.S.C. §§ 241 and 242.

*Lewis v. Green*, 629 F. Supp. 546, 554 (D. D.C. 1986); *United States ex rel. Savage v. Arnold*,

403 F. Supp. 172 (E.D. Pa. 1975); *Dixon v. Maryland*, 261 F. Supp. 746, 749 (D. Md. 1966); *S.*

*v. D.*, 410 U.S. 614, 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another."); *Gomez v. Whitney*, 757

F.2d 1005, 1006 (9th Cir. 1985) (the Court of Appeals affirming the district court's grant of

summary judgment and explaining that it could "find no instance where the courts have

recognized inadequate investigation as sufficient to state a civil rights claim . . . ."); *Fulson v.*

*City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) (summary judgment for defendants

granted, "It is well established that a private citizen lacks a judicially cognizable interest in the

prosecution or non-prosecution of another.").

There are two other considerations which apply here. Even generously assuming that

these defendants testified at a grand jury proceeding and incriminated the plaintiff, the plaintiff's

claims against them would still be barred. In *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108

5

(1983), the Supreme Court concluded that "all witnesses-police officers as well as lay witnesses-are absolutely immune from liability based upon their testimony in judicial proceedings." *Id*. at 328, 103 S.Ct. at 1111-12 (citation and footnote omitted).

Although the Court declined to address whether witness immunity applies to pretrial proceedings, *id*. at 328 n. 5, 103 S.Ct. at 1112 n. 5, absolute witness immunity also bars actions for damages against individuals who testify in grand jury proceedings. *Alioto v. City of Shively, Ky*. 835 F.2d 1173, 1174 (6th Cir. 1987); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir.1985) (per curiam); *and Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir.), *cert. denied*, 464 U.S. 1018 (1983).

Going even one step further and assuming that the defendants did not testify at a grand jury proceeding but instead only gave the federal investigators statements which incriminated the plaintiff, the result would not change.  The immunity doctrine set forth in *Briscoe v. LaHue* would still extend to such investigative written or oral statements. *See Gray v. Poole*,  275 F.3d 1113, 1118 (D.C. Cir. 2002) (District of Columbia social worker was entitled to absolute immunity, in child custodian's § 1983 damages action, as to her statement under oath submitted to court in support of child neglect proceeding; social worker's role was as witness in judicial proceeding, and her statement was intimately associated with judicial process, regardless of fact that it was in form of written petition rather than oral in-court testimony); and *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (absolute witness immunity afforded under *Briscoe* barred § 1983 claims against social worker's statements in an affidavit, submitted under penalty of perjury, which statements led to the plaintiff's arrest).

The doctrine enunciated in *Briscoe v. Lahue* also shields from liability alleged conspiracies to give false and incomplete testimony in judicial proceedings.  *Macko v. Byron*,

760 F.2d at 97. Accordingly, absolute witness immunity would preclude any recovery by the plaintiff as to the claims against Stapleton, Gourdoze, Links and Hastings. The Court will dismiss these claims with prejudice.

2. Claims Incident to Transfer
A. Issue of Transfer

The fact that the plaintiff was transferred does not support a Fifth Amendment due process claim under *Bivens*. This is because prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532 (1976); *Montanye v. Haymes*, 427 U.S. at 242; *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification); *Bolger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995).

Due process rights are only triggered by the deprivation of a legally cognizable liberty interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003). Generally, prisoners do not have a due process liberty interest in their placement and classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S.Ct. 274 (1976).

Under 18 U.S.C. § 3621, the Attorney General of the United States has delegated discretionary decisions, as to federal prisoners' placement and classification while incarcerated, to the Director of the BOP. Congress has given federal prison officials full discretion to control the conditions of confinement, and prisoners have no constitutional entitlement to invoke due process claims. *See DeLand v. Attorney General of the United States*, 2006 WL 3337465, *3 (N.D. Ohio, November 16, 2006) (Only Westlaw Citation currently available).

7

As the Supreme Court stated in *Olim v. Wakinekona*, 461 U.S. at 250, "[p]rocess is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.  [And] ... an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Id*. at 250 n.12.

The  plaintiff has failed to assert a valid Fifth Amendment due process claim challenging his successive transfers.  The Court will dismiss this claim, with prejudice, under authority of 28 U.S.C. § 1915(e)(2).

### B. Adverse Conditions Resulting from Transfer

The plaintiff alleges that the transfers adversely affected privileges he had previously enjoyed, and eliminated (or restricted) his access to various prison services and programs.  The Court will therefore analyze the challenge under the Eighth Amendment, which prohibits cruel and unusual punishment.

To prevail under the Eighth Amendment, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), or that the government's action "will inevitably affect the duration of his sentence." *Id*., 515 U.S. at 487.

In order to assert an Eighth Amendment claim, a plaintiff must demonstrate the existence of a severe deprivation, such as the denial of "essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Neal v. Miller*, 778 F. Supp. 378, 382-83 (W. D. Mich. 1991) (citing *Rhodes v. Chapman*, 452 U.S. 337,  347-48 (1981)); *see also Strauss v. Ray*, 221 F.3d 1336,**2 (6th Cir. (Tenn.) June 19, 2003) (Table) (Unpublished Disposition).

8

Prison officials generally have broad discretion in the internal management of prisons, *Hewitt v. Helms*, 459 U.S. 460 (1983), and classification of prisoners is generally within the discretion of prison officials. *Pugliese v. Nelson*, 617 F.2d 916 (2nd Cir. 1980). Beyond that, a prisoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976).

Under the *Sandin* analysis, the fact that the plaintiff was placed in either a segregated housing unit or in Administrative Detention for temporary time periods would not impose an "atypical and significant hardship in relation to the ordinary incidents of prison life." *See Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir.1998) (two and one-half years in segregation during investigation of prisoner's involvement in riot did not deprive him of liberty interest without due process); *Merchant v. Hawk-Sawyer*, 37 Fed. Appx. 143, 145 (6th Cir. (Ky.), May 7, 2002) (not selected for publication in the Federal Reporter) (Merchant's maximum security classification, 21-month confinement in the special housing unit and transfer to a more secure facility were simply the "ordinary incidents of prison life" and did not implicate liberty interest protected by Fourteenth Amendment).

Here, until February 1, 2007, the plaintiff was a named defendant in the criminal case, which pertained to improper activities being conducted by a former USP-Big Sandy employee. It was not only reasonable but prudent to transfer the plaintiff out of USP-Big Sandy. Any temporary placement in Administrative Detention in correctional facilities along the way would have been for the plaintiff's benefit, protection and safety. The plaintiff does not allege that the placement caused him to lose any good time credits. Harrell Watts, Administrator of Inmate

Appeals in the BOP Central Office, noted that since October 4, 2007, the plaintiff has been assigned to the general population of USP-McCreary [Record No. 2-2, p.11].

Even under pre-*Sandin* case law, a change in the conditions of confinement, such as denial of access to rehabilitative programs, would not have invoked due process considerations, even though the denial might have caused an adverse impact on the prisoner. *Hewitt v. Helms*, 459 U.S. at 467; *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2531 (1976).[2] The Court will dismiss this claim with prejudice.

As for the loss of, or reduction of, various privileges, which the plaintiff lists as restricted access to his personal property; restricted visitation privileges with family members; restricted telephone privileges; restricted access to prison programs, restricted access to sources of information; and restricted access to law libraries, he fares no better. *See Carter v. Tucker*, 69 Fed. Appx. 678, 680 (6th Cir.2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause).

Simply put, under *Sandin*, the loss of a mere privilege (such as telephone access or participation in a rehabilitative program) would not qualify as an atypical or significant hardship in relation to the incident of prison life under the Eighth Amendment. The conditions about which the plaintiff complains, though no doubt inconvenient and unwelcome to him, do not rise to the level of Eighth Amendment violations. Accordingly, these claims will be dismissed.

## C. First Amendment Claim Regarding State Criminal Appeal

---

[2] *Hewitt v. Helms* held that an inmate's transfer to another facility did not of itself implicate a liberty interest, even though that transfer resulted in the loss of "access to vocational, educational, recreational, and rehabilitative programs." *Id*., 459 U.S. 460, 467, n. 4.

The plaintiff alleges that his transient status in being shuttled from prison to jail to prison caused him to lose a criminal appeal in an Indiana state appellate court.  He alleges that this result caused him to be denied access to the courts under the First Amendment of the United States Constitution.  Alternatively, he alleges that his loss of the state court criminal appeal caused him to be denied due process of law under the Fifth Amendment.

First, the Court reiterates that the BOP has total discretion to order transfers of prisoners. For this reason, the fact that the plaintiff was transferred one time, or more, does not implicate a valid constitutional claim under the Fifth Amendment.

The plaintiff's First Amendment claim, stemming from the alleged loss of the state court criminal appeal, also lacks merit. A First Amendment right of access to court claim has an "actual injury" requirement.  In *Lewis v. Casey*, the Supreme Court held that "Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone,' *Id*., at 823, 97 S.Ct., at 1495 (internal quotation marks omitted).  A plaintiff must "demonstrate that a non-frivolous legal claim had been frustrated or was being impeded" by the policies and practices of the prison authorities. *Id*., 518 U.S. at 353.

That can not be done here.  If Plaintiff Bates did not have retained counsel in his state court *criminal* appellate proceeding, counsel would have been appointed for him.  Therefore, he would have had an attorney representing his interests in the appeal of his criminal case.  He would not have been proceeding *pro se* as is the procedure in civil cases, such as the instant case.

Accordingly, the plaintiff's alleged inability to participate in, or attend to, his state court criminal appeal would not have caused him to lose his appeal. *See Cooper v. Shelby County Justice Center*,  2000 WL 924604, *2 (6th Cir (Tenn.) June 26, 2000) ("Since counsel was

11

appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir.1983)"); and *Wilson v. Porter*, 2000 WL 332060, *2 (6th Cir. March 22, 2000) ("Wilson's claims fail this [*Lewis v. Casey*] test, as he was represented by counsel in his criminal cases and he has not shown how the defendants impeded his ability to bring the instant case."). The Court will dismiss this claim with prejudice.

## D. Emotional Distress Claims

Finally, the plaintiff alleges that he is entitled to damages for his emotional distress and anxiety. An inmate may not bring a civil action for emotional distress or mental suffering without showing a prior physical injury. 42 U.S.C. § 1997e(e). This rule applies to Eighth Amendment claims. *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). *See also Mitchell v. Horn*, 318 F.3d at 533 (prisoner asserting a mental or emotional injury was required to show a prior physical injury that was more than *de minimis*, but less than significant). Here, the plaintiff has alleged no physical contact as a result of the complained-of actions. The Court will dismiss this claim with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    The complaint is **DISMISSED WITH PREJUDICE**.

(2)    This action [08-CV-28-KKC] is **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Dated this 20th day of March, 2008.



Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**