UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-28-KKC

KENNETH RAY BATES                                                                        PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

ALICE MARIE STAPLETON, ET AL.                                                DEFENDANTS

Currently before the Court for consideration is the "Motion to Alter/Reconsider Judgment" [Record No. 10] filed by Kenneth Ray Bates, the *pro se* plaintiff.

FACTUAL BACKGROUND
1. The Complaint

Bates is incarcerated in the United States Penitentiary-McCreary ("USP-McCreary"), which is located in Pine Knot, Kentucky. On February 13, 2008, Bates filed a civil rights complaint [Record No. 2], under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Bates asserted claims against four defendants in both their individual and official capacities: (1) Alice Marie Stapleton, a former employee of another federal prison located in Inez, Kentucky, the United States Penitentiary-Big Sandy, ("USP-Big Sandy"); (2) J. Links, employee of USP-Big Sandy; (3) Suzanne Hastings, the former warden of USP-Big Sandy; and (4) "B." Gourdouze, an employee of USP-Big Sandy.

Bates alleged that in 2006, he was maliciously prosecuted in this Court, in the case styled as *United States of America v. Alice Marie Stapleton et al*, Criminal Action No. 7:06-CR-00018 (Hon. Gregory F. Van Tatenhove, presiding) ("the criminal case"). Six months after the Indictment in the criminal case was returned, federal prosecutors dismissed the charges against

the plaintiff.[1]

In addition to the malicious prosecution claim, Bates alleged in his *Bivens* complaint that the defendants caused him to be transferred several times before he was sent to USP-McCreary. Bates alleged that the transfers caused him to suffer the los of certain privileges which he had enjoyed at USP-Big Sandy. Bates alleged that the named defendants violated his rights under the First, Fourth, Fifth, and Eighth Amendments of the United States Constitution, and he sought over $2,000,000.00 in damages in this action.

2. Memorandum Opinion and Order

On March 20, 2008, the Court entered a Memorandum Opinion and Order ("the Opinion and Order"), and Judgment, dismissing the complaint for failure to state a claim upon which relief could be granted [Record Nos. 8 and 9].

The Court found that the Complaint lacked merit for the following reasons: (1) the named defendants did not actually prosecute him; (2) to the extent that the named defendants may have incriminated the plaintiff in grand jury testimony, absolute witness immunity would bar any claims again them, including conspiracy claims, under *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108 (1983) and *Mako v. Byron*, 760 F.3d 95,97 (6th Cir. 1985); (3) Bates had no protected Fifth Amendment liberty interest in not being transferred among various prisons; (4) Bates had not been subjected to any atypical and significant hardships which violated his rights under the Eighth Amendment; and (5) Bates' allegation that he had been denied access to the courts, with

---

[1] The plaintiff was indicted in Count I for conspiring with USP-Big Sandy inmates, and with a Alice Marie Stapleton, a former USP-Big Sandy employee, to smuggle prohibited objects (such as drugs and a cellular phone) into USP-Big Sandy in violation of 18 U.S.C. § 1791. He was indicted in Count II for conspiring to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). *Id*.

respect to another pending state court appeal, was insufficient to establish a valid First Amendment claim.

### 3. Motion to Alter/Reconsider

On March 21, 2008, the plaintiff filed a "Motion to Alter or Amend Judgment" [Record No. 10]. He asserted several arguments in support of his contention that the Opinion and Order should be set aside or vacated.

First, he argues that the notwithstanding the fact that Defendants Stapleton, Gourdoze, Links and Hastings were not the actual prosecutors, they conspired to maliciously prosecute him, and committed abuse of process by falsely implicating him in the federal criminal proceeding. He again argues that since criminal charges against him were ultimately dismissed, these defendants violated his Fifth Amendment right to due process of law and his Fourth Amendment right to be free from unreasonable seizure.

Second, he alleges that Defendants Stapleton, Gourdoze, Links and Hastings enjoy no absolute witness immunity under *Briscoe*. He alleges that these defendants lied and/or engaged in other acts of malicious prosecution before the grand jury indicted him in the criminal case.

Third, he alleges that he asserted a valid First Amendment claim to the extent that his many transfers, and/or lack of access to adequate law libraries, prevented him from filing post-conviction collateral challenge to an Indiana state court conviction. He asserts that because he had no attorney to represent him in that state court matter, his lack of access to adequate law libraries caused him to be denied access to the state court in which he filing a collateral challenge to his criminal conviction.

3

DISCUSSION

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

The Court reiterates the conclusion reached in the Opinion and Order: to wit, the decision and authority to prosecute the plaintiff was vested solely in the United States Attorney's Office for the Eastern District of Kentucky, not in the hands of Defendants Gourdoze, Links, and Hastings (USP-Big Sandy prison officials) or Alice Stapleton (the convicted, former prison employee). These named defendants can not be held liable for malicious prosecution when they did not make, influence, or participate in the decision to prosecute. *McKinley v. City of Mansfield*, 404 F.3d 418 (6th Cir. 2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002).

In addition to that determination, there are other reasons why the Court will not set aside the Opinion and Order in this case. The Court will address the other reasons in this Order.

### 1. Statute of Limitations Bars Malicious Prosecution And Abuse of Process Claims

First, the plaintiff's claims of alleged malicious prosecution and abuse of process would be time-barred. Kentucky's statute of limitations for personal injuries governs claims under the

federal constitution and 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986).[2] In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140(1)(a). Additionally, the same one-year limitations period applies to "[a]n action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage; [and] . . . [a]n action for libel or slander. . . ." K.R.S. 413.140(1)(c)-(d).

To the extent that the plaintiff alleged that his malicious prosecution claim fell under the Fifth Amendment's Due Process Clause (thus under federal law), such a federal claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Bagley v. C.M.C. Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986).

Here, whether the malicious prosecution claim fell under state law or under federal law (Fifth Amendment), any alleged malicious prosecution claim would have accrued, at the latest, on **February 1, 2007**, the date on which the United States dismissed the charges against the plaintiff in the criminal case. The plaintiff would therefore have had until **February 1, 2008** in which to file a malicious prosecution claim. The plaintiff, however, did not file the instant *Bivens* complaint until February 13, 2008, twelve days **after** the one-year statute of limitations period expired.

---

[2] Federal courts sitting in Kentucky "borrow" Kentucky's one-year statute of limitations for personal injury claims, K.R.S. §413.140(1); for constitutional claims asserted under 42 U.S.C. §1983, *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990), and for constitutional claims asserted under 28 U.S.C. §1331, pursuant to the *Bivens* doctrine. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (citing *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987)).

Even the liberal rule of construction known as the "prisoner mail box rule," set forth in *Houston v. Lack*, 487 U.S. 266, 275-276 (1988), does not assist this plaintiff. According to Houston, a *pro se* prisoner's document is considered as "filed" when the prisoner delivers it to prison authorities for mailing. *Id*. Here, the plaintiff dated his complaint "February 11, 2008" [Record No. 2, p.10]. His own date was ten (10) days **after** the February 1, 2008 filing deadline.

The fact that the plaintiff had been transferred several times would not alter the Court's assessment. Here, the plaintiff had been confined in USP-McCreary at least since October 12, 2007, the date on which he signed his BP-11 Appeal to the BOP Central office [*See* Record No. 2-2, p. 10]. The BOP Central Office denied the BP-11 on January 10, 2008 [*Id*., p. 11]. Again, the plaintiff waited over a month to file his complaint on either February 13, 2008 (date complaint received in this Court) or February 11, 2008 (date placed in the prison mail, under *Houston v. Lack*).

### 2. Probable Cause Precludes Malicious Prosecution And Abuse of Process Claims

Second, even though the charges filed against the plaintiff in the criminal case were dismissed prior to trial, probable cause existed for filing the criminal charges against the plaintiff. The grand jury's return of the July 27, 2006 Indictment in the criminal case established probable cause for the filing of the charges against the plaintiff. [*See* criminal case, 06-CR-18-GFVT, Indictment, Docket No. 3, pp. 1-8]. Both the malicious prosecution claim and the abuse of process claims lacked merit.

### A. Malicious Prosecution Claim

To win a malicious prosecution claim, the plaintiff must show that the defendant

instituted judicial proceedings with malice and without probable cause, and that those proceedings were terminated in favor of the plaintiff and caused the plaintiff to suffer damages. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981) (citing *Davis v. Brady*, 291 S. W. 412 (1927); and other cases); *Stearns Coal Co. v. Johnson*, 37 S.W.2d 38, 40 (Ky. 1931).[3]

Although Plaintiff Bates can demonstrate that he obtained a favorable determination of the criminal charges filed against him (subsequent dismissal of the charges), he can not establish the absence of probable cause. Even were the Court to assume for the sake of argument that the defendants acted with malice, the plaintiff was still required to have shown that there was no probable cause to charge him with a criminal offense. Again, the named defendants did not prosecute the plaintiff: <u>other</u> federal officers vested with prosecutorial authority charged him.[4]

"[I]t has long been settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Higgason v. Stephens*, 288 F.3d 868, 876-77 (6th Cir. 2002) (citing *Ex parte United States*, 287 U.S. at 250).

Higgason was charged in the Green Circuit Court with twelve counts of attempted murder

---

[3] Actions for malicious prosecution are disfavored based on the public policy consideration that the threat of a lawsuit should not deter citizens from reporting crimes. *Lexington Cab Co. v. Terrell*, 137 S.W.2d 721, 724 (Ky. 1940).

[4] Whether the federal authorities who prosecuted the plaintiff acted with probable cause is a legal question that the court decides. *Collins v. Williams*, 10 S.W.3d 493, 496 (Ky. Ct. App. 1999) ("The burden in a malicious prosecution action is on the plaintiff to prove lack of probable cause, and the probable cause issue is a question for the court to decide." (citing *Prewitt v. Sexton*, 777 S.W.2d 891, 894-95 (Ky. 1989))).

The final outcome of a criminal prosecution is not material in determining whether there was probable cause; rather, the defendant need only have "such reasonable grounds to believe a crime had been committed that he was justified in invoking the processes of law to have that question judicially determined." *Reid v. True*, 302 S.W.2d 846, 848 (Ky. 1957). "Strong circumstantial evidence" is sufficient to establish probable cause. *Id*. The facts known by the defendant are used to determine whether there was sufficient evidence to establish probable cause. *See Hudson v. Nolen*, 135 S. W. 414, 415 (Ky. 1911).

of Higgason's mother. Following an evidentiary hearing, the Green Circuit Court entered an order dismissing all charges against Higgason with prejudice. In the order dismissing the charges, the Green Circuit Court stated that the grand jury made a finding of probable cause by returning an indictment against Higgason, and that based upon the evidence presented to the grand jury, probable cause existed for the grand jury to return the felony indictment.

Higgason filed a §1983 suit in this Court (Hon. Joseph M. Hood presiding) against the Secretary of the Justice Cabinet, the Commissioner of the Kentucky State Police ("KSP") and several KSP officers in their individual capacities, as well as the Green County Commonwealth's Attorney, in connection with his indictment for attempted murder. He sought monetary damages and injunctive relief. Higgason also asserted state law claims of false arrest and imprisonment, defamation and perjury.

This Court dismissed Higgason's complaint, finding that the state court's ruling on probable cause constituted *res judicata* or collateral estoppel for purposes of Higgason's civil rights claim. The Sixth Circuit affirmed on appeal and ruled that because the plaintiff was indicted for attempted murder pursuant to a determination made by the grand jury, there was probable cause for the indictment. Since probable cause existed, Higgason did not sustain a constitutional violation and therefore his claims against the state police commissioner and detectives were barred by the doctrine of qualified immunity.

*Higgason* disposes of the plaintiff's malicious prosecution claims. *Higgason* clearly holds that when a properly constituted grand jury returns an indictment, it conclusively determines the existence of probable cause for arrest. *Id.* at 877. *See also Johnson v. Ward*, 43

8

Fed. Appx. 779, 2002 WL 1774215 (6th Cir. (Ky.) July 31, 2002) (plaintiff failed to plead sufficient facts to overcome prima facie evidence of probable cause where a grand jury indicted the plaintiff for murder, even though the jury subsequently acquitted the plaintiff of the charges).

*Fox v. DeSoto,* 489 F.3d 227 (6th Cir. 2007), provides additional helpful analysis of the malicious prosecution claim asserted in this case. In *Fox*, the plaintiff alleged that Defendant DeSoto, an employee of the Louisville Regional Airport Authority, not only falsely arrested him, but also maliciously prosecuted him.[5] The Sixth Circuit affirmed the dismissal of both claims, and in particular noted that although DeSoto had arrested Fox, he had not been involved in the decision to prosecute Plaintiff Fox. The Sixth Circuit stated as follows:

> Although not entirely clear from the complaint, plaintiff seems to be asserting a claim for malicious prosecution under both state law and § 1983. The district court granted summary judgment to DeSoto on the claim for malicious prosecution, albeit without specifying whether the claim was brought under state or federal law. Nonetheless, we agree that, however pleaded, plaintiff cannot prevail on a claim for malicious prosecution against DeSoto.
>
> This court has recognized a § 1983 claim for malicious prosecution arising under the Fourth Amendment, but the contours of such a claim remain uncertain. *Wallace,* 127 S.Ct. at 1096, n. 2; *McKinley v. City of Mansfield,* 404 F.3d 418, 444-45 (6th Cir.2005), *cert. denied,* 546 U.S. 1090 . . . (2006); *Darrah v. City of Oak Park,* 255 F.3d 301, 308-12 (6th Cir.2001). *What is certain, however, is that such a claim fails when there was probable cause to prosecute, or when the defendant did not make, influence, or participate in the decision to prosecute.* [citations omitted] [T]o establish the tort claim of malicious prosecution under Kentucky law, a plaintiff must demonstrate (1) the institution or continuation of judicial proceedings, (2) by or at the instance of the defendant, (3) the termination of such proceedings in the plaintiff's favor, (4) malice in the institution of the

---

[5] Arrested on misdemeanor charges of disorderly conduct and resisting arrest, Fox was taken to the jail and later released. The state criminal trial ended with the state trial judge granting a directed verdict in favor of Fox on both charges. *Fox*, 489 F.3d at 232.

9

> proceedings, (5) ***the absence or lack of probable cause for the proceeding***, and (6) that damages resulted. *Raine v. Drasin,* 621 S.W.2d 895, 899 (Ky.1981).
>
> In this case, there is no evidence indicating what role, if any, DeSoto played in instituting the criminal proceedings against Fox. DeSoto was, however, personally involved in the determination that there was probable cause to arrest Fox . . . . Even if Fox could show that DeSoto made, influenced, or participated in the decision to prosecute him, Fox cannot prevail on the claim for malicious prosecution under either federal or state law. That is, for the reasons discussed above, we agree with the district court that Fox cannot demonstrate an absence or lack of probable cause for the criminal proceedings. Accordingly, we affirm the grant of summary judgment to DeSoto on plaintiff's claim for malicious prosecution whether asserted under state or federal law.

*Fox v. DeSoto,* 489 F.3d at 237-38 (emphasis of the Court).

*Fox* is persuasive because it concludes that the malicious prosecution claim against DeSoto lacked merit because DeSoto had not been involved in the decision to criminally prosecute the plaintiff. *Fox* is also persuasive because it concluded that there had been probable cause to charge the plaintiff, notwithstanding the fact that the state court judge later granted a directed verdict in Fox's favor in the state criminal trial.

In short, the law is settled that "where there is probable cause to prosecute, a § 1983 action for malicious prosecution will not lie." *Jolley v. Harvell*, 2007 WL 3390935, *6 (6th Cir. 2007) (slip op.) (quoting *McKinley v. City of Mansfield*, 404 F.3d at 444-45, (discussing cases)). A grand jury indictment "is prima facie evidence of probable cause." *Worley v. Columbia Gas of Kentucky, Inc.*, 491 F.2d 256, 263 (6th Cir. 1973) (citations omitted). The grand jury's indictment of the plaintiff on July 27, 2006 establishes probable cause for the filing of charges against the plaintiff. Therefore, the Court will not set aside its decision to dismiss the malicious prosecution claim.

B. <u>Abuse of Process Claim</u>

Abuse of process is different from a claim of malicious prosecution in that abuse of process involves using a "legal process for some other purpose than that which it was intended by the law to effect." *Raine v. Drasin*, 621 S.W.2d at 902 . "Under Kentucky law, a prima facie showing of abuse of process requires that (1) the process instituted by the defendant was for some ulterior purpose, and (2) that the defendant instituting the process must have performed a willful act in using the process that is not a part of the regular conduct of the proceeding. *See Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky.1998)." *Pennington v. Dollar Tree Stores, Inc.*, 104 F. Supp.2d 710 (E. D. Ky. 2000).

Because the named defendants did not "initiate" or "institute" the "process" under which the plaintiff was charged in the criminal case, they can not be liable for "abuse" of a process which they did not undertake, initiate or institute. To the extent that the plaintiff has cited *Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006), that case does not aid him.

In *Gregory*, a former inmate brought claims in state court for violations of his civil rights under § 1983, and various state laws, against members of the investigatory teams which had been involved in his prior criminal conviction. His conviction was vacated after he had spent more than seven years in custody. *Id*. at 725.

The facts in *Gregory* are distinguishable from the instant proceeding. Here, the defendants whom Plaintiff Bates names in this action were not part of the prosecutor's investigatory team. As noted, the defendants whom Bates named were USP-Big Sandy prison

officials and a former prison employee.[6] To the extent that some or all of the defendants named in the instant proceeding may have given testimony before the grand jury in the criminal case, such testimonial evidence would be afforded immunity under *Briscoe v. LaHue.*

### 3. First Amendment Claim Not Exhausted

The plaintiff now explains to the Court that his many transfers, and/or lack of access to adequate law libraries, prevented him from filing a post-conviction collateral challenge to an Indiana state court conviction. He asserts that he had no attorney to represent him in that state court matter, and that in the Opinion and Order, the Court erred in assuming that he had an attorney to assist him in the criminal matter.

Even assuming that the plaintiff had no attorney to assist him, it is apparent that the plaintiff failed to present this specific claim to BOP authorities. The plaintiff attached all of his requests for administrative remedies to his complaint [Record No. 2-2, pp. 6, 8 and 10]. Nowhere in any of those requests for administrative remedies did he mention that he was collaterally challenging an Indiana state court criminal conviction, and/or the fact that prison officials were allegedly preventing him from representing himself in that action.

Plaintiff's July 11, 2007 "BP-9 Appeal" to the Warden mentions nothing in the way of a potential First Amendment/denial of access to the courts claim [*Id.*, p.6]. Both the plaintiff's

---

[6] In his initial complaint, Gregory named the following defendants: the City of Louisville (the "City") and the Louisville Division of Police ("LDP"). The plaintiff further named local officials in their official and individual capacities: Joe Carroll, a police officer/detective with LDP; Steve Clark ("Clark"), a police officer/detective with LDP; Hope Greer, a police officer/detective with LDP; John Tarter, a police officer/detective with LDP; and unknown defendants Jane/John Does, supervisors and/or policymakers associated with the City and/or LDP. Finally, Plaintiff named state employees Dawn Ross Katz, a Kentucky State Police Crime Laboratory Examiner, and unknown defendants Jane/John Does, supervisors, employees, or policymakers associated with the Kentucky State Police Crime Laboratory, all in their individual capacities. *Gregory*, 444 F.3d at 725.

"BP-10 Appeal" (to BOP Regional Director) and his "BP-11 Appeal" (to the BOP Central Office) state in only the broadest terms that BOP staff members were . . . . "impeding my legal process." [*Id.*, Record Nos. 8 and 10]. Plaintiff stated in his "BP-11 Appeal" only that he was being denied "loss of adequate use of the Law library." [*Id.*, p. 10]

Plaintiff provided no details that would have put any of the BOP administrators on notice of what exact impediments to his "legal process" were being raised. He did not explain in any reasonable terms what legal activity was allegedly being impaired or impeded, or that he was even involved in any specific state court criminal proceedings. He mentions nothing about his *pro se* involvement in a collateral challenge to a state court criminal conviction.

The Court determines that based on the record which the plaintiff has provided to the Court, his statements (or lack thereof) on this issue during the administrative remedy process were so deficient that they were essentially non-existent. In sum, the plaintiff failed to exhaust his administrative remedies with respect to his First Amendment claim, because they were not articulated in his BP-9, 10 or 11 appeals.

Accordingly, *sua sponte* dismissal is proper where it is clear from the pleadings that the prisoner has not exhausted his claim; *Sanks v. Williams*, 2007 WL 3254368 (S.D. Ga. November 2, 2007) (slip op.) (same); *Colston v. Cramer,* 2007 WL 1655412 (E. D. Mich. June 07, 2007) (same); *Michowski v. Mathai*, 2007 WL 1500333 (E.D. Mich. May 23, 2007) (same); *Ghosh v. McClure,* 2007 WL 400648 (S. D. Tex. Jan. 31, 2007) (same). To the extent that the Court dismissed this claim with prejudice, the Court will amend the Opinion and Order to reflect that dismissal of this claim is without prejudice.

### 4. State Law Claims Were Properly Dismissed

Plaintiff complains that the Court failed to adequately address his state court claims. As the Court has discussed, any state court claim relating to malicious prosecution claims, and/or abuse of process, were barred by the Kentucky statute of limitations, K.R.S. 413.140(1)(c)-(d).

Additionally, since the federal claims against all of the named defendants were dismissed in this action, the pendent state claims, asserted under Kentucky law, were properly dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). When a plaintiff has no federal cause of action, a district court may exercise its discretion to dismiss pendent state law claims. *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994); *see also*, 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which the court has original jurisdiction).

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The "Motion to Alter/Reconsider Judgment" filed by Kenneth Ray Bates [Record No. 10] is **DENIED IN PART AND GRANTED IN PART** as set forth in the following paragraphs.

(2) The portion of the Memorandum Opinion and Order [Record No. 8] which dismissed with prejudice the plaintiff's claims asserted under the Fourth, Fifth and Eighth Amendment claims will stand. Those claims remain dismissed with prejudice and stricken from the record.

(3) ) The Court will **AMEND** the portion of the Memorandum Opinion and Order

[Record No. 8] which dismissed with prejudice the plaintiff's claims asserted under the First Amendment. That Opinion and Order will be **AMENDED** to reflect that the plaintiff's First Amendment claim is **DISMISSED WITHOUT PREJUDICE**.

Dated this 11th day of April, 2008.

Signed By:
*Karen K. Caldwell*
United States District Judge